# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 20-259-TJK |
| | : | |
| v. | : | |
| | : | |
| WEN JIN GAO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE
## AND MEMORANDUM IN AID OF SENTENCING

Wen Jin Gao dedicated more than three years of his life to defrauding Apple. He supervised a conspiracy that tried to scam Apple out of millions of dollars' worth of iPhones. In that role, he recruited other conspirators, received counterfeit phones from Hong Kong, and returned inauthentic iPhones to Apple. Following his December 2019 arrest, Gao started cooperating with the government almost immediately. In January 2021, he pleaded guilty to conspiracy to commit mail fraud on terms far more favorable than he would have faced had he been convicted at trial. As part of his cooperation, in addition to debriefing with the government multiple times, he testified at the trial of Haotian Sun and Pengfei Xue.

Based on the substantial assistance that he provided, the government requests that the Court reduce Gao's final offense level to 15 pursuant to Guidelines § 5K1.1, resulting in a final guidelines range of 18 to 24 months. Consistent with that Guideline, the factors set forth in 18 U.S.C. § 3553(a), and *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), the government recommends that the Court sentence Gao to 18 months of imprisonment followed by three years of supervised release. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing.

## FACTUAL BACKGROUND

### I.    GAO'S PERSONAL BACKGROUND

Gao was born in China in 1990. PSR ¶ 80. His parents separated when he was an infant, resulting in his mom raising him and his brother in a single parent household. PSR ¶ 81. Gao's mom provided both kids with basic material necessities. Fortunately, Gao never experienced any abuse. PSR ¶ 81. When he was 19, he moved to the United States with his mom and brother, with whom he has close relationships. PSR ¶ 81, 83. All three live together in a single-family home in Maryland. PSR ¶ 84. Gao is a lawful permanent U.S. resident, but his conviction in this case may subject him to removal proceedings. PSR ¶ 83.

### II.    GAO'S SCHEME TO DEFRAUD APPLE

Gao started defrauding Apple no later than September 2016. PSR ¶ 27. He recruited, supervised, and paid other conspirators, including Dian Luo and Haotian Sun, who in turn brought others into the conspiracy. He personally opened a UPS Store mailbox as part of the scheme and instructed other conspirators, including Sun, to open multiple mailboxes for use in the scheme. He oversaw the importation of thousands of counterfeit iPhones from Hong Kong and shipped authentic iPhones—which conspirators had fraudulently acquired from Apple—to Hong Kong. He also personally received more than $150,000 for his supervisory role in the conspiracy. PSR ¶ 42.

### III.    GAO'S COOPERATION

Gao started cooperating with the government right after he was arrested in December 2019. He debriefed with the government multiple times, pled guilty to a cooperation agreement in January 2021, and testified before this Court at the trial of Haotian Sun and Pengfei Xue.

## IV.    SENTENCING GUIDELINES

Consistent with the parties' plea agreement, the presentence investigation report calculated the guidelines as follows:

| | | |
|---|---|---|
| USSG §2X1.1/2B1.1(a)(2) | Base Offense Level | 6 |
| USSG §2B1.1(b)(1)(I) | Loss of more than $1.5 million | 16 |
| USSG §2B1.1(b)(10)(B) | Substantial part of scheme committed outside U.S. | 2 |
| USSG §3E1.1(a) | Aggravating Role | 3 |
| USSG §3E1.1 | Acceptance of Responsibility | -3 |
| | Total: | 24 |

PSR ¶ 60-71.

Gao has no criminal history. Thus, his criminal history score is zero and he is in Criminal History Category I. PSR ¶ 72-74. Based on a total offense level of 24 and a Criminal History Category I, his recommended range prior to any departure under § 5K1.1 is 51 months to 63 months. PSR ¶ 109.

## V.    DOWNWARD DEPARTURE

The government seeks a downward departure under Section 5K1.1 of the Guidelines based on Gao's substantial assistance in the investigation and prosecution of others. Gao not only met with the government multiple times to explain particulars about the scheme, he also testified at trial. After fully considering his assistance, including the fact that he was the first conspirator to cooperate with the government, the United States recommends that the Court grant a nine-level downward departure, which would result in a final total offense level of 15 and a recommended range of 18 to 24 months.

## ARGUMENT

I.  **THE 18 U.S.C. § 3553(a) FACTORS SUPPORT A SENTENCE OF EIGHTEEN MONTHS OF INCARCERATION**

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the history and characteristics of the defendant, the sentencing range under the guidelines, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

### A.  The Nature and Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense

Gao supervised a conspiracy that successfully defrauded Apple out of millions of dollars' worth of genuine iPhones. *See* Joint Notice of Phones Returned by Sun, Xue, and Others, ECF No. 220, *United States v. Sun & Xue*, 21-CR-646 (Sept. 20, 2024). By working together, conspirators were able to inflict more harm on Apple than they would have done if they acted alone. Gao recruited conspirators, instructed them to open UPS Store mailboxes, and paid them to return phones. He spent more than three years of his life defrauding Apple. Moreover, he continued the scheme even after Apple counsel sent him a letter informing him that the government had identified him as the importer of counterfeit Apple products; that same letter demanded that he cease his conduct. *See* PSR ¶ 38. He continued to defraud Apple even after law enforcement agents interviewed Haotian Sun and told Sun that the phones he received from Hong Kong were counterfeit. He continued to defraud Apple even after CPB sent him a letter informing him that ICE's Homeland Security Investigations component had seized a shipment of counterfeit iPhones

addressed to him. *See* PSR ¶ 39. In short, Gao's conduct was serious and warrants a prison sentence. Absent his cooperation, the government would ask for a substantially higher sentence than the eighteen months it seeks to reflect the seriousness of Gao's conduct.

**B.      The Need to Deter the Defendant and Others from This Type of Criminal Conduct and to Protect the Public from Further Crimes of the Defendant**

The government hopes that Gao's arrest, guilty plea, and cooperation have convinced him not to engage in additional criminal conduct, but to ensure that he is deterred, a prison sentence is warranted. A prison sentence also is necessary to deter others who are thinking about committing similar conduct. Such individuals should know that, even if they cooperate with the government, engaging in this type of fraud scheme will result in going to prison.

**C.      The History and Circumstances of the Defendant**

Like most criminal defendants, Gao's personal history and circumstances are complicated. After growing up in China in a single-parent household, he immigrated to the United States with his mom and brother when he was 19. He became a permanent U.S. resident, yet instead of pursuing the American dream lawfully, he embarked on a criminal journey that lasted more than three years. Much to his credit, however, once he was arrested, he began cooperating with the government. As part of his cooperation, he met with the government multiple times and always made himself available to the government, including during the days immediately preceding his co-conspirators' trial. He also testified in open court and agreed to meet with Apple if the company wanted to debrief him.

If Gao had gone to trial and been convicted, his guidelines range would have been no lower than 78 to 97 months, and his ultimate sentence almost certainly would have been higher than

Sun's (57 months) and Xue's (54 months). However, Gao pursued a path that Sun and Xue rejected; he decided to plead guilty and to cooperate with the government – thereby not just accepting responsibility but also substantially assisting holding others to account. He also made the decision to cooperate almost immediately after his arrest. As a result, he is – and deservedly should be – in a much better position than he otherwise would have been.

Considering all the circumstances in his case, including his criminal conduct, his cooperation, and the fact that that his status as a non-U.S. citizen is likely to result in a fortuitous increase in the severity of punishment as enunciated in *Smith*, the government submits that a sentence of 18 months followed by three years of supervised release is appropriate.

### D.    The Need to Avoid Unwarranted Sentencing Disparities

The following table consists of sentences imposed in similar cases. Notably, only Haotian Sun and Pengfei Xue chose to go to trial. Like Gao, the other defendants accepted responsibility. The bulk of this information was submitted as part of the government's sentencing memorandum in *United States v. Zhiwei Liao*, 19-CR-4407-1 (S.D. Cal.), ECF No. 691.

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Nicholas Orozco, 21-CR-749 (D.D.C.)** **1 month in custody followed by five months of home detention** -Received 8-level departure under 5K1.1 | Conspiracy to commit mail fraud (18 U.S.C. § 371) with personal involvement causing an actual loss of more than $240,000 |
| **Dian Luo, 21-CR-636 (D.D.C.)** **8 months in custody followed by 4 months of home detention** -Received 8-level departure under 5K1.1 -Received 2-level aggravating role adjustment | Conspiracy to commit mail fraud (18 U.S.C. § 371) with personal responsibility for a loss of more than $850,000 |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Ranshen Lin, 21-CR-408 (D.D.C.)** **21 months in custody** -Received 4-level departure under 5K1.1 -Criminal History included two prior iPhone fraud scheme convictions for which he never served any time in prison | Conspiracy to commit mail fraud (18 U.S.C. § 371) with personal responsibility for an actual loss of $318,000 |
| **Haotian Sun, 21-CR-646 (D.D.C.)** **57 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to commit mail fraud (18 USC 1349) and mail fraud with personal responsibility for an actual loss of more than $1.5 million |
| **Pengfei Xue, 21-CR-646 (D.D.C.)** **54 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to commit mail fraud (18 USC 1349) and multiple counts of Mail Fraud with joint responsibility for an actual loss of more than $1.5 million |
| **Zhiwei Liao, 19-CR-4407 (1) (S.D. Cal.)** **51 months in custody** -Agreed to forfeiture of two parcels of real property estimated to be worth $2.2 million -Agreed to forfeiture of $120,380 cash -Four-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhimin Liao, 19-CR-4407(2) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of three parcels of real property, whose combined value is estimated to be $2.8 million -Agreed to forfeiture of $114,321 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhiting Liao, 19-CR-4407(3) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of real property estimated to be worth $826,659 -Agreed to forfeiture of $22,320 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Xiaomin Zhong, 19-CR-4407 (4) (S.D. Cal.)** | Fugitive Residing in China |
| **Phillip Pak, 19-CR-4407 (5) (S.D. Cal.)** **18 months in custody** -1-level departure under 5K1.1 -Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,718 iPhones with loss of $1,087,226 |
| **Dao Trieu La, 19-CR-4407 (6) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of two parcels of real property estimated to be worth $2.3 million -Agreed to forfeiture of $120,370 cash | One substantive count of wire fraud – loss of $39,589 |
| **Mengmeng Zhang, 19-CR-4407 (7) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of real property estimated to be worth $826,000 -Agreed to forfeiture of $22,320 cash | One substantive count of mail fraud – loss of $9,500 |
| **Tam Thi Minh Nguyen, 19-CR-4407 (8) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of three parcels of real property estimated to be worth a total of $2.8 million -Agreed to forfeiture of $114,321 cash | One substantive count of mail fraud – loss of $9,500 |
| **Deedee Zhu, 19-CR-4407 (9) (S.D. Cal.)** **15 months in custody** -2-level departure under 5K1.1 -Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,236 iPhones with loss of $774,741 |
| **Danny Tran Chan, 19-CR-4407 (10) (S.D. Cal.)** **3 years' probation** -5-level departure under 5K1.1 -Minor role -No restitution paid yet | Conspiracy to traffic in counterfeit goods – 841 iPhones with loss of $531,067 |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Charley Hsu, 19-CR-4407 (11) (S.D. Cal.)** <br> **Time-served (22 months)** <br> -3-level departure under 5K1.1 <br> -Minor role <br> -No restitution paid | Conspiracy to traffic in counterfeit goods – 1,777 iPhones with loss of $1,151,375 |
| **Jiaye Jiang, 19-CR-4407 (12) (S.D. Cal.)** <br> **3 years' probation** <br> -2-level departure under 5K1.1 <br> -Minor role <br> -Paid $50,000 in restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 219 counterfeit iPhones with a loss of $135,185 |
| **Hyo Weon Yang, 19-CR-4407 (13) (S.D. Cal.)** <br> **1 year and 1 day in custody** <br> -1-level departure under 5K1.1 <br> -Minor role <br> -Paid $40,000 in restitution after sentence imposed | Conspiracy to traffic in counterfeit goods – 484 iPhones with loss of $300,964 |
| **Quan Jiang –19-CR-167 (D. Or.)** <br> **37 months in custody** | Trafficking counterfeit goods. Defendant admitted that, from 2015 through 2017, he smuggled at least 2,000 counterfeit iPhones resulting in loss of $1.2 million. Defendant managed other conspirators as part of the scheme. Govt. recommended variance based on defendant's provision of information during proffer sessions, withdrawal of claims to forfeiture of Mercedes-Benz and prepayment of $200,000 in restitution. |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Haiwei Zhong, 17-CR-115 (D. Utah)** **33 months in custody** | Mail Fraud and False Statements. Defendant admitted that, from early 2016 through January 2017, he acquired 570 new iPhones through submission of more than 1,000 counterfeit iPhones resulting in loss of $458,262. No aggravating role adjustment recommended by the Government or imposed by the Court. |
| **Haiteng Wu, 20-CR-80-EGS (D.D.C.)** **Time-served (26 months)** -Defendant assisted government in selling two parcels of real property and a car that he agreed to forfeit. -6-month *Smith* variance -3-level Aggravating Role Adjustment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Wu admitted that, for approximately 3.5 years, he and conspirators caused more than 2,300 inauthentic phones to be submitted to Apple causing an actual loss of $987,000. He also admitted recruiting others, including his wife, to participate in the scheme. |
| **Jiahong Cai, 20-CR-81-EGS (D.D.C.)** **Time-served (approx. 5 months)** -2-level minor role adjustment -Agreed to Stipulated Judicial Removal Order | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). The intended loss for Cai (Wu's wife) was $30,600 and the actual loss was $23,400. |
| **Teang Liu, 21-CR-1-EGS (D.D.C)** **12 months and 1 day** -4-level departure under 5K1.1 -6-month *Smith* variance -Prepaid $57,570 forfeiture money judgment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Liu admitted that more than 1,099 inauthentic phones were submitted to Apple, causing an actual loss of $577,800. Defendant was recruited by Wu. |

The government submits that sentencing Gao to 18 months of imprisonment would not lead to an unwarranted sentencing disparity with the above defendants given his leadership role in the conspiracy and his prompt and helpful cooperation.

## VI.    RESTITUTION AND FORFEITURE

As part of his plea agreement, Gao agreed to pay restitution in the amount of $1,660,800. PSR ¶ 114. He also agreed to be liable for a forfeiture money judgment equal to proceeds that he obtained from the scheme. PSR ¶ 9. Given that Gao acknowledged receiving at least $150,000 for his role in the conspiracy, the government requests that the Court impose $1,660,800 in restitution and order Gao to be liable for a forfeiture money judgment in the amount of $150,000. *See* PSR ¶ 42.

## <u>CONCLUSION</u>

The government respectfully requests that the Court sentence Wen Jin Gao to 18 months of incarceration followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:    */s/ Kondi J. Kleinman*
Kondi J. Kleinman
California Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252 6887 | Kondi.Kleinman2@usdoj.gov

Ryan K.J. Dickey
D.C. Bar No. 982536
Senior Counsel
Computer Crime & Intellectual Property Section
1301 New York Ave, N.W. | Washington, D.C. 20530
(202) 616-1509 | Ryan.Dickey@usdoj.gov