IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #1:20-CR-00259-TJK |
| | : | |
| WEN JIN GAO | : | |

**DEFENDANT'S SENTENCING MEMORANDUM and
REQUEST FOR DOWNWARD VARIANCE**

Defendant, Wen Jin Gao, by his counsel, Todd Edward Henry, respectfully submits this Sentencing Memorandum and Request for Downward Variance. Mr. Gao asks this Court consider sentencing him to 12 months' imprisonment given Mr. Gao's substantial assistance.

### *Procedural History and Factual Background*

Mr. Gao accepts the factual information in the Government's Motion for Downward Departure and Memorandum in Aid of Sentencing[1] under the headings, *Gao's Personal Background* and *Gao's Scheme to Defraud Apple*. Such information was previously agreed upon and memorialized in the Statement of Offense[2].

On December 5, 2019, Wen Jin Gao was arrested. He immediately cooperated with law enforcement. In fact, he was the first to cooperate of all the co-conspirators. As the Court is aware, Mr. Gao provided substantial assistance in the investigation and prosecution of others. He proffered with the government on several occasions and testified at the trial of co-conspirators, Haotian Sun and Pengfei Xue.

On November 23, 2020, a one-count Information was filed charging Mr. Gao with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §371. On December 26, 2020, Mr. Gao was released on personal recognizance bond in the High Intensity

---

[1] filed November 22, 2024 [ECF DOC 24]
[2] filed January 5, 2021 [ECF DOC 8]

Supervised Program. Mr. Gao has been in full compliance with the conditions of pretrial release and has had no violation reports or non-compliance issues.

On January 5, 2021, Mr. Gao entered into a guilty plea agreement with the United States Attorney's Office to the charged conduct before this Court.

The Presentence Investigation Report ("PSR") determined Mr. Gao's total offense level is 24. Having no criminal history, he falls within Criminal History Category 1. Based on a total offense level of 24 and a Criminal History Category of 1, the sentencing guidelines range is 51 to 63 months.

| CURRENT COMPUTATION | |
|---|---:|
| Base Offense Level | 6 |
| Specific Offense Characteristics adjustment pursuant to USSG §2B1.1(b)(1)(I) | +16 |
| Specific Offense Characteristics adjustment pursuant to USSG §2B1.1(b)(10)(B) | +2 |
| Adjustment for Role in the Offense pursuant to USSG §3B1(b) | +3 |
| Adjusted Offense Level (subtotal) | 27 |
| Adjustment for Acceptance of Responsibility pursuant to USSG §3e1.1(a) and (b) | -3 |
| Total Offense Level | 24 |
| *Current Guideline Calculation* | *51-63 mos.* |

As previously noted, Mr. Gao provided substantial assistance to the government. Thus, in their Motion for Downward Departure, the government asks for a nine-level departure, bringing Mr. Gao's final total offense level to 15, with a recommended sentence range of 18-24 months.

| ADJUSTED COMPUTATION | |
|---|---:|
| Base Offense Level | 6 |
| Specific Offense Characteristics adjustment pursuant to USSG §2B1.1(b)(1)(I) | +16 |
| Specific Offense Characteristics adjustment pursuant to USSG §2B1.1(b)(10)(B) | +2 |
| Adjustment for Role in the Offense pursuant to USSG §3B1(b) | +3 |

| | |
|---|---|
| Adjusted Offense Level (subtotal) | 27 |
| Adjustment for Acceptance of Responsibility pursuant to USSG §3e1.1(a) and (b) | -3 |
| Government's 9-level downward departure recommendation | -9 |
| Total Offense Level | 15 |
| *Current Guideline Calculation* | *18-24 mos.* |

***Defendant's History and Personal Characteristics***

Mr. Gao was born on August 15, 1990 in the Peoples Republic of China. His parents separated when he was an infant. Mr. Gao and his brother were primarily raised by their mother. On July 22, 2009, Mr. Gao, his mother and brother came to the United States. He has been a permanent resident (green card) since 2009. In 2019, Mr. Gao married Wanyl Liang, who lives in China.

The criminal activity started in the middle of 2016 when Mr. Gao first encountered Qiang Zhang through mutual friends on WeChat. Prior to meeting Mr. Zhang, Mr. Gao did not have much of a social life or many friends in the U.S. When Mr. Zhang entered the picture, they became fast friends. Mr. Gao trusted Mr. Zhang and his promising business ideas.

In the beginning of their business relationship, Mr. Gao and Mr. Zhang decided to buy and sell used phones. They posted on different social media platforms, and would set-up in-person meetings with individuals to buy the used phones. On one such occasion, they met an individual in the District of Columbia who robbed them at gun point. This incident solidified their relationship. At first, Mr. Gao wanted to open a cellphone repair shop. However, Mr. Zhang insisted that they continue to buy and sell used cellphones from both individuals and companies. The business was not profitable. At this point, Mr. Zhang proposed switching-out components in iPhones still under

warranty then returning them to Apple stores in exchange for new phones. Albeit illegal, it was much more profitable.

As the scheme progressed, Mr. Gao grew weary, wondering if the risk was worth the reward. Especially, going into the same Apple stores over and over, being recognized by the same Apple employees. When Mr. Gao brought his concerns to Mr. Zhang, Mr. Zhang would assure Mr. Gao that they would recruit others to go into the Apple stores. It was around this time that Mr. Gao became aware that Mr. Zhang was an Officer in the Peoples Liberation Army of China.

There is no doubt that Mr. Gao was a willing participant in a conspiracy to commit mail fraud by returning fake iPhones to Apple with the intent of having Apple replace the counterfeit devices with authentic devices. During the commission of this crime, Mr. Gao estimates to have made $150,000. He put the money aside in a separate bank account. He is now prepared to make a lump sum restitution payment of $150,000 at or shortly after sentencing.

Admittedly, all Mr. Gao wanted was to help himself and make money. He now knows that he made a huge mistake. This being Mr. Gao's first encounter with the criminal justice system is a clear deviation from an otherwise law-abiding life. Since entering the United States, he has always worked very hard[3]. Because of the actions that led to his arrest, Mr. Gao has had to decline several legitimate employment and business opportunities, including partnering with an investor to open a restaurant.

Having never been involved in any illegal activity, Mr. Gao now faces jail time and deportation. When deported, he will not see his mother or brother again, unless they travel to China, which is highly unlikely due to the current political climate.

---

[3] PSR, ¶95-¶99

4

### *Sentencing Factors*

In the Chinese culture, the actions of one family member, whether positive or negative, impacts the entire family. In this case, Mr. Gao's conduct has embarrassed his family, both in the U.S. and his wife in China. For this, he is extremely remorseful and ashamed for his actions and the effect they have had his family.

As of this date, there have been specific threats made against Mr. Gao and his wife. Mr. Gao's willingness to cooperate has placed him at some current and future risk of harm or harassment.

Current law requires that an alien who is convicted of a federal offense and sentenced to a term of imprisonment serve the entire sentence (less statutory good time and time served) prior to deportation. Mr. Gao's status as a green cardholder precludes him from participation in certain programs, as well as from other considerations as an inmate in the United States Bureau of Prisons ("BOP").

Additionally, Mr. Gao's status may warrant a downward departure from the guidelines. Title 18 USC §3624(c) authorizes the BOP, to a practicable extent, assure that an incarcerated individual serving a term of incarceration spends a reasonable part of the last 10 percent of the term[4] to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry. However, the Court determined that the right to participate in pre-release programs only applies to prisoners who are being released to a community within the United States, thereby excluding deportable persons[5].

---

[4] not to exceed 12 months
[5] Lartey v. Department of Justice, 790 F. Supp. 130 (US District Court W/D LA 1992),

*Conclusion*

For the foregoing reasons and those which may be put forth at sentencing, Mr. Gao respectfully requests this Court take into consideration the following when imposing sentence: (a) lack of criminal history; (b) acceptance of responsibility and prompt notification to authorities of intention to plead guilty – as previously mentioned, Mr. Gao was the first in the conspiracy to cooperate; (c) truthfully provided all information and evidence concerning the offense pursuant to U.S.S.G. §3E1.1(b); (d) substantial assistance with authorities despite ongoing threats to his family and fear of future retaliation; (e) lump sum payment of $150,000 in restitution; (f) complete compliance with pretrial supervision; (g) ineligibility for almost all of BOP-sponsored programs, as well as having to serve 100% of his time; (h) non-citizen status, resulting in likely and imminent deportation; and, (i) possibly never seeing his mother and brother again.

Wherefore, Wen Jin Gao asks the Court impose a sentence of 12 months. Such a sentence is sufficient but is not greater than necessary, and would be an appropriate sentence in accordance with 18 U.S.C. §3553(a).

Respectfully submitted,

/s/ *Todd E. Henry*

THE HENRY LAW FIRM
By: Todd Edward Henry, Esquire
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 545-7100 (office)
(215) 545-6611 (fax)
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #1:20-CR-00259-TJK |
| | : | |
| WEN JIN GAO | : | |

**CERTIFICATE OF SERVICE**

I, Todd Edward Henry, hereby certify that I am this 26th day of November 2024 electronically filing Defendant's Sentencing Memorandum and Request for Downward Variance, as well as serving a true and correct copy of same upon the following by email:

Kondi Kleinman, Asst. U.S. Atty.
Kondi.Kleinman2@usdoj.gov

Ryan Dickey, Asst. U.S. Atty.
Ryan.Dickey@usdoj.gov

Sherry Baker, U.S. Probation Officer
Sherry_Baker@dcp.uscourts.gov

/s/ Todd E. Henry
THE HENRY LAW FIRM
By: Todd Edward Henry, Esquire
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 545-7100 (office)
(215) 545-6611 (fax)
Attorney for Defendant

DATED: November 26, 2024